By the Court.—Sedgwick, J.
The motion for a new trial has no merits, and this appeal must be decided upon exceptions taken at the trial.
The complaint stated that the defendants, as brokers, had agreed with the plaintiff to buy and sell for him, and as he should direct, stocks and gold, and to render true accounts ; that the plaintiff gave directions to the defendants to buy and sell for him certain stocks and various amounts of gold ; that the defendants under the agreement did purchase and sell for plaintiff stocks and gold, from time to time ; that large profits had accrued,' and that, by reason of said sales, “ the defendants have •collected and received a large amount of money, to which the plaintiff is fairly and justly entitled by the terms of said agreement, to wit, the sum of $40,000,’’and that the •defendants have neglected to account; wherefore the *245 plaintiff prayed that an order and judgment of the court might be made, that the defendants’ account for all purchases and sales made under the agreement, and that the plaintiff might have judgment for the sum that should be found due upon the accounting, etc.
The answer admitted an employment, as specified in the complaint, and that the defendants had bought and sold stocks and gold, on the direction of the plaintiff: but they said that no profits had accrued to the plaintiff, and that they had fully and justly accounted, etc.
To sustain his action, the plaintiff put in evidence an account which the defendants had rendered to him. That account was of purchase and sale assumed by the defendant to have been made by them for the plaintiff. The plaintiff then proceeded to point out many errors in it. He also gave testimony as to violations of orders given by him to the defendants under the agreement, by which he testified he lost large sums of money. He further testified to the defendants’ buying and selling without orders. Hone of these matters were objected to by the defendants. When the latter went into their case, they gave evidence as to these alleged errors and violations of orders.
It will be noticed that the plaintiff made out the case he stated in the complaint, simply by the account which he proved had been given to him, and which he used in an admission by the defendant, except so far as he varied or contradicted it by affirmative proof.
On the evidence, as matter of fact, the referee found in substance (the finding, however, being specified) that the defendants had neglected to make sale and purchases when directed by plaintiff; that purchases were made without plaintiff’s orders, and the amounts given thereon were charged against the plaintiff, when in fact they could have been bought for much less ; that sales were made on plaintiff’s account, and charged against him without plaintiff’s authority ; that the de *246 duction that should be made from the account presented, and the amounts of credit that should be given to the plaintiff on that account by reason of these acts and omissions of defendants done without plaintiff’s authority, were in all $32,080.32, “from which sum,” in the words of the report, “deduct the balance appearing by said account to be due to the defendants, and there remains the sum of $9,597.10.” And as a conclusion of law from these facts, the referee found that the plaintiff should have judgment for the difference, with interest.
The result is, that the plaintiff proved that he was not entitled to recover anything as profits made on his account, and not one cent; of his recovery consists of profits. His recovery was for damage he had sustained by a violation of his directions ; the measure of damage as .to most of his claim being the profit he would have made. The complaint did not claim damages for violation of orders, or for neglect to obey orders. It said there had been profits on the purchases and sales, and it demanded an accounting as to these profits.
The defendants excepted to the conclusions of law. The objection is, that, as matter of law, the plaintiff is entitled to no other payment on the complaint than is based upon proof of profits, and that proof of damages, or violation of orders or directions, will not support the judgment. We think the objection must be maintained. It is not a case of the defendant voluntarily, by not objecting, taking the court’s judgment as to the legal result of - a set of facts with which both sides have fully gone; and yet which, upon defendants’ motion, would be held to be within the case a failure of proof (Belknap v. Sealey, 14 N. Y. 143). It is rather within Codd v. Rathbone, 19 N. Y R. 39. There was no barrier of any objection, because the matters which were given in evidence on which the referee relied, were relevant to the issue framed upon the complaint as it stood. An objection to them would have been over *247 ruled. The plaintiff set out by proving admissions of the defendants, as to purchases and sales, made by them for plaintiff’s account, as stated in an account which defendants had rendered plaintiff. He then proposed to ■contradict certain parts of that account, which would leave the rest of it good evidence against the defendants. This was all unobjectionable. On the other hand, the plaintiff was entitled, without waiving the objection that there was a failure of proof, to go into the facts testified to by plaintiff, in showing errors in the account, because the defendants claimed, as an affirmative defence and counter-claim, that there had been accounting and an account stated between the parties. Therefore, the defendants were entitled to show that there were no errors in the account as rendered. All this left the plaintiff to make out the case of his complaint, that the defendants» in executing his orders for purchases and sales had earned large profits, and that he was entitled to an account of them. This I think the plaintiff failed to do, and therefore the defendants’ exception to the referee’s conclusion of law is sustained.
The judgment should be reversed, and there must be ■a new trial, with costs to appellant to abide the event.
The order of referee should also be vacated.